## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### HENDERSON v. THE COMMONWEALTH.

#### March 13th, 1884.

1. PUBLIC REVENUES—*Licenses—Sample merchant—Commercial broker.*
   License issued under Acts 1881, pp. 211–12–13, to one to do a sample
   merchant's business does not authorize him to do business as a com-
   mercial broker, which is authorized by license issued under Acts 1881–2,
   pp. 523–4.

Error to judgment of hustings court of Richmond city on
an indictment against John T. Henderson for doing business
as a commercial broker in the city of Richmond without
having first obtained license so to do according to law. He
held a sample merchant's license, and was engaged in sell-
ing on commission by sample goods without having same
in his possession or control as commission merchants have.
He was found guilty of the charge and sentenced to pay a
fine and the costs of the prosecution, and from the judg-
ment he obtained a writ of error and *supersedeas.*

Opinion states the remaining facts.

*Christian & Christian,* for the plaintiff in error.

*Attorney-General F. S. Blair,* for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

We have just decided, in *White* v. *The Commonwealth,*
that the privilege conferred by a sample merchant's license
is confined to the sale of his own goods. In this case, the

plaintiff in error was licensed as a sample merchant.   He was indicted and convicted for doing business without a license as a commercial broker; and the single question is, whether, upon the facts agreed and certified in the record, he was engaged in that business within the meaning of the revenue laws.   The statute declares that "every person who negotiates . . . the sale of merchandise, without having possession or control of it as commission merchants have, shall . . . be deemed a commercial broker."   Acts 1881–82, pp. 523–4.

It appears that the defendant was engaged in selling, by sample, meats, lard, and other similar articles, on commission, which were shipped, as sales were made, from various firms, in and out of the State.   He occupied a desk in the office of one J. S. Moore, of this city, where he conducted his correspondence, and it does not appear that he had any other place of business.   None of the goods sold were at any time in his possession or control, but were shipped directly from the owners to the purchasers; nor did he have any interest in them, other than his commissions on the sales when made.   He was therefore engaged in negotiating the sale of merchandise without having possession or control of it as commission merchants have, or, in other words, in doing business as a commercial broker, and the hustings court properly so held.   *Slack* v. *Tucker & Co.*, 23 Wall. 321.   The judgment is affirmed.

JUDGMENT AFFIRMED.